IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SOLAN,<br><br>                Plaintiff,<br><br>     v.<br><br>DONNA ZICKEFOOSE, Warden of FCI<br>Fort Dix,<br><br>                Defendant. | HONORABLE JEROME B. SIMANDLE<br><br>Civil No. 11-1895(JBS)<br><br><br>**OPINION** |

APPEARANCES:

David Solan
Reg. No. 15985-018
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Plaintiff Pro Se

Paul J. Fishman, United States Attorney
By: Mark Christopher Orlowski, Assistant United States Attorney
970 Broad Street
Suite 700
Newark, NJ 07101
    Attorney for Defendant United States of America


**SIMANDLE**, Chief Judge:

**I. INTRODUCTION**

    This matter is before the Court on the motion of Defendant,

Warden Donna Zickefoose, for summary judgment. [Docket Item 30.]

Plaintiff David Solan, an inmate confined at the Federal

Correctional Institute at Fort Dix, alleges his civil rights

were violated when he was prohibited from using the TRULINCS

electronic messaging system while incarcerated. Plaintiff's Complaint alleges that Defendant caused a violation of Plaintiff's constitutional rights under the First, Fifth, and Fourteenth Amendments to the United States Constitution and of the Administrative Procedure Act, and is brought pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). Defendant Zickefoose now moves for summary judgment, arguing that she is entitled to qualified immunity, that no clearly established right has been violated, and that she therefore cannot be found liable under a Bivens claim. The Court agrees with Defendant that she is entitled to qualified immunity because there was no clearly established right of an inmate to use the e-mail function of TRULINCS and therefore the Court will grant Defendant's motion.

**II. BACKGROUND**

    **A.  Facts**

    Plaintiff David Solan ("Plaintiff") is a prisoner currently confined at FCI-Fort Dix.  The Complaint alleges that from June 23, 2010 to the present, Plaintiff has been permitted access to the Trust Fund Limited Inmate Computer System ("TRULINCS"),[1] but not the e-mail function of TRULINCS.  See Am. Compl. at ¶ 4.

---

[1] TRULINCS is a Bureau of Prisons program designed to provide inmates with limited computer access, including the capability to send and receive electronic messages, without having access to the internet.

Plaintiff was originally excluded from using the electronic messaging component of TRULINCS when he was incarcerated at Fort Dix. Id. at ¶ 5. Then, on August 24, 2010, Special Investigative Services Officer ("SIS") Lt. Marticiello rescinded the exclusion and granted Plaintiff access to the e-mail function. Id. Thereafter, on August 27, 2010, Warden Zickefoose overrode the rescission and excluded Plaintiff from the e-mail function in accordance with Program Statement 5265.13.[2] Id. at ¶¶ 5, 6. The exclusion from the e-mail function continues to the present.

Defendant cited Plaintiff's computer expertise and his misuse of another Bureau of Prisons ("BOP") computer system in 2006 as her reason for denying Plaintiff e-mail access. The prior misuse of a computer specifically refers to an incident that occurred in USP Canaan, where Plaintiff's infraction was described as "[r]efusing an Order, Code 307, for misuse of the electronic law library." Id. at ¶ 16. However, the infraction actually issued was Code 319, use of equipment contrary to instructions. Id. The Amended Complaint alleges that Plaintiff's infraction while incarcerated at USP Canaan was

---

[2] PS 5265.13, Section 3 provides "Inmates are excluded from electronic messaging when it is determined that their use would threaten the safety, security, or orderly running of the institution or the protection of the public and staff."

wrongfully described and a "crude setup bearing no relation to any wrongful activities." Id. at ¶ 18.

Plaintiff alleges that the restriction of his e-mail privileges violates his due process rights, the Equal Protection Clause, the First Amendment, and the Administrative Procedure Act.  He seeks monetary damages and an order requiring Defendant to grant him access to TRULINCS electronic messaging system.

**B. Procedural History**

Plaintiff originally brought his claims pursuant to 28 U.S.C. § 2241. [Docket Item 1.]  However, this Court dismissed said action for lack of jurisdiction and ordered that the instant civil action be opened.  [Docket Items 2,3.]; See 11-679 Solan v. Zickefoose., Civil No. 11-679 (JBS). Then, Plaintiff filed an amended complaint seeking "monetary damages, awards, and reimbursement of legal cost as well as declaratory and injunctive relief." (Am. Compl. at 1.);[Docket Item 6.] Plaintiff alleges that he exhausted his administrative remedies and Defendant does not dispute this.  Defendant then filed a motion for summary judgment [Docket Item 30], which Plaintiff opposes [Docket Items 39 & 40], to which Defendant has replied. [Docket Item 41].

## III. DISCUSSION

### A. Standard of Review

Summary judgment is appropriate when the record shows that there is no "genuine dispute as to any material fact" and that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In establishing whether there is a disputed issue of material fact, the Court must view the evidence in the light most favorable to the nonmoving party. "The nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" Hunt v. Cromartie, 526 U.S. 541, 552 (1999) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson, 477 U.S. 242, 248 (1986). A fact is "material" only if it might affect the outcome of the suit under the applicable rule of law. Id. Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment. Id.

Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact. Fed. R. Civ. P. 56(c)(1)(A); United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993). The

305fe443961776a7

nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986).

Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986).  Local Civil Rule 56.1 imposes additional requirements on parties in summary judgment motions, mandating they "set[] forth material facts as to which there does not exist a genuine issue," L. Civ. R. 56.1(a), which the parties have accomplished.

**B. Qualified Immunity**

Defendant argues that she is entitled to qualified immunity from Plaintiff's claims because there has been no constitutional violation.  Additionally, Defendant asserts that access to TRULINCS electronic messaging is not a clearly established right.  Plaintiff counters that qualified immunity is not appropriate because the First, Fifth and Eighth Amendments, and

"the right of a federal inmate to TRULINCS email under the Program Statement were so clearly established in prior jurisprudence."  (Pl.['s] Opp'n To Def.['s] Mot. Summ. J. at 6 ("Pl.['s] Opp'n"))

A defendant is protected by qualified immunity if he or she is a public officer or employee who "made a reasonable mistake about the legal constraints" on their actions. Curley v. Klem, 499 F.3d 199, 206-07 (3d Cir. 2007) (internal quotations and citations omitted). A mistake is not reasonable when it amounts to the violation of a "clearly established" right, such that "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Curley, 499 F.3d at 207 (internal quotations and citations omitted).

In Saucier v. Katz, 533 U.S. 194 (2001), the Supreme Court described the two-step inquiry courts undertake in determining whether a governmental officer is entitled to qualified immunity. First, the Court must address whether "the officer's conduct violated a constitutional right." Id. at 201. As the Court of Appeals noted in Curley v. Klem, 499 F.3d 199, 208 (3d Cir. 2007), this is "not a question of immunity at all, but is instead the underlying question of whether there is even a wrong to be addressed in an analysis of immunity." Curley, 499 F.3d at 207. If the Court determines that there was no constitutional

violation, "there is no necessity for further inquiries concerning qualified immunity." Saucier, 533 U.S. at 201.

The question here is whether access to TRULINCS e-mail system was a clearly established right of constitutional dimension.  The policy relating to the TRULINCS electronic messaging was installed in February 2009.  There are no cases from the District of New Jersey that reference TRULINCS.  However, a few other district courts have dealt with similar issues.  In Sofsky v. Lappin, 2010 WL 3789322 (D.Mass. September 27, 2010), the court held that since plaintiff did not allege that he could not communicate to the public through other means, he did not establish denial of a fundamental constitutional right. In addition, one court held that a change in procedure for addressing outgoing mail did not present a significant hardship on a prisoner and did not constrain plaintiff's ability to communicate.  Russell v. Whitehead, 2010 WL 2367370 (D.Md. June 09, 2010).  These cases include a comparison of the issue of inmate e-mail access to other communication methods.

The Plaintiff has provided no case law or statutory authority to the contrary.  Accordingly, as discussed in more detail below, Defendant is entitled to qualified immunity because Plaintiff has not established a violation of a constitutional right.

**C. There are No Constitutional Violations**

The Plaintiff's complaint alleges constitutional claims against a federal official and therefore must proceed in a Bivens action.  <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Bivens is the federal equivalent of a 42 U.S.C. § 1983 action against state actors and is a judicially created cause of action to address civil rights violations by federal officials.  <u>Brown v. Phillip Morris Inc.</u>, 250 F.3d 789, 800 (3d Cir. 2001).

In this case, Plaintiff alleges three different constitutional violations arising from Defendant's rescission of Plaintiff's TRULINCS electronic messaging access; specifically, Plaintiff maintains his First, Fifth, and Fourteenth Amendment rights have been violated.  The Court will discuss each alleged constitutional violation separately.

**1. First Amendment**

Plaintiff claims that a "total email ban on a prisoner also represents a severe physical limitation placed on his freedom of speech" and that his First Amendment rights as a prisoner are guaranteed by <u>Pell v. Procunier</u>, 417 U.S. 817, 822 (1974).  (Am. Compl. at 16-17.)  Further, Plaintiff argues that the restriction of his e-mail "serve[s] no legitimate correctional system purpose." (Am. Compl. at ¶ 43.)

The Defendant argues the policy promulgated by the BOP states that e-mail access is a privilege, not a right, and the Warden may restrict the access of any inmate to the TRULINCS system.  Moreover, Defendant argues that Plaintiff's computer knowledge and prior violation of BOP code regarding computer use were justification for imposing the ban.  Finally, Defendant argues that "Plaintiff still has access to send and receive correspondence through regular mail, and is able to communicate on the telephone," and therefore his ability to communicate is minimally effected.  (Mot. Summ. J. at 12.)

The First Amendment to the U.S. Constitution provides, inter alia, that "Congress shall make no law . . . abridging the freedom of speech. . . ." U.S. Const. amend. I. "Convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison," Bell v. Wolfish, 441 U.S. 520, 545 (1979). However, the Supreme Court has also required that prison officials "be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 547.

Since Plaintiff has not challenged the BOP Program Statement 5265.13, entitled "Trust Fund Limited Inmate Computer Systems (TRULINCS) – Electronic Messaging" which provides in

part, "an inmate with a personal history or special skills of knowledge of using computers/email/Internet or other communication methods as a conduit for committing illegal activities will be excluded," the Court will not conduct the analysis from Procunier v. Martinez, 416 U.S. 396 (1974), which analyzes the policy itself.  Here, the Defendant has provided her reasons for restricting Plaintiff's access to TRULINCS electronic messaging, which comply with the aforementioned policy statement.  Plaintiff's familiarity with computers preceding his incarceration and his prior abuse of the prison system's computers, namely his tampering with other inmates' legal information, are more than sufficient reasons for Defendant to revoke Plaintiff's privileges.  Moreover, the Defendant's restriction removed only a small fraction of Plaintiff's communication with the external world, and served a safety interest for the institution in protecting the privacy of other prisoners and reducing conflict among prisoners. Consequently, Defendant's actions did not violate a clearly established right and Defendant is entitled to qualified immunity with regard to Plaintiff's First Amendment Claims.

### 2.  Due Process

Next, Plaintiff argues that the BOP's transition to e-mail as an additional communication method, and the uniqueness of e-mail messaging, "translates into a newly-created, substantial

liberty interest in a prisoner's access to [e-mail]." (Am. Compl. at ¶ 14.) Further, Plaintiff claims that an e-mail restriction creates a "significant hardship on the inmate in relation to the ordinary incidents of prison life." (Am. Compl. at. ¶ 36 citing Sandin v. Conner, 515 U.S. 472, 484 (1995). Similarly, the Plaintiff cites Asquith v. DOC, 186 F.3d 407 (3d. Cir. 1999), which interprets Sandin, as support that e-mail access has become an "ordinary incidents of prison life." (Am. Compl. at ¶ 37.) See also Asquith, 186 F.3d 407 (holding that Plaintiff did not have a liberty interest in remaining in a halfway house).

In response, Defendant argues that no liberty interest exists in electronic messaging and that no significant hardship is presented in relation to ordinary prison life. Moreover, Defendant posits that she personally considered Plaintiff's circumstances before imposing any restriction. (Mot. Summ. J. at 13.)

A liberty interest protected by the Due Process Clause may arise from two sources: the Due Process Clause or state law. See Hewitt v. Helms, 459 U.S. 460 (1983); Asquith v. Department of Corrections, 186 F.3d 407, 409 (3d Cir. 1999). In order to establish a Due Process claim, an individual must show that he or she was deprived of a constitutionally protected property or liberty interest. Daniels v. Williams, 474 U.S. 327, 330

(1986).  A liberty interest is an essential prerequisite to a Due Process claim.  An additional requirement is imposed on prisoners to show "an atypical and significant hardship on the inmate in relation to ordinary incidents of prison life."  See Sandin v Conner, 515 U.S. 472, 483 (1995).

Here, Plaintiff has failed to demonstrate that there is a protected liberty interest and is not entitled to due process. There is no atypical and significant hardship as required by Sandin. E-mail messaging does not become a protected liberty interest when other communication methods remain available.  As stated immediately below subsection III.B., there is no clear case law providing an entitlement to electronic messaging for inmates.  In fact, the case law from various districts, including Rueb, 2011 WL 839320 at 6 (stating there is no first amendment right to e-mail) and Sofsky, 2010 WL 3789322 at 1 (holding that because Plaintiff did not allege he could not communicate with the public through other methods, there was no denial of a constitutional right), indicates the opposite is more likely to be true.

Though Plaintiff alleges that the uniqueness of electronic messaging makes it the most effective method of communication, he does not allege he is otherwise constrained from communicating externally.  With other means of communication

13

available, including the telephone, mail, and visitation rights, there is no significant hardship placed on Plaintiff.

Finally, Defendant operated within the BOP Policy Guideline in restricting Plaintiff's access to TRULINCS electronic messaging by making the decision based on his individual history.  While Plaintiff disputes the validity of his computer violation at USP Canaan, he does not dispute that he was issued a violation.  The Defendant's decision to exclude Plaintiff from TRULINCS e-mail system was based on the fact that Plaintiff was issued a violation of computer policy, not whether it was legitimate or not.  Defendant cannot reasonably be expected to assess the validity of past infractions issued by the staff of other prisons.

Since the policy itself is not at issue, the Defendant gave Plaintiff due process by following the correct procedure as outlined in Program Statement 5265.13. Plaintiff's due process claim is therefore denied.

### 3. Plaintiff's Equal Protection Claim is Denied

Plaintiff brings a "class of one" claim in accordance with Village of Willowbrook v. Olech, which provides for "a class of one claim where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in the treatment." 528 U.S. 562, 564 (2000).  Likewise, Plaintiff feels

that the Defendant's reasoning for excluding him from TRULINCS e-mail system is irrational and not "rationally related to a government interest."  (Am. Compl. at ¶¶ 38, 39.)

Defendant argues that this claim is without merit, as Plaintiff failed to aver he has been treated differently than similarly situated inmates.  (Mot. Summ. J. at 16.) Specifically, Defendant states that Plaintiff has not alleged that any other similarly situated inmates have been treated differently.  Finally, Defendant states that her rationale was provided to Plaintiff and is consistent with the BOP Policy Statement covering TRULINCS electronic messaging.

To prove a lack of rational basis, a plaintiff must negate every conceivable rational basis for his differential treatment. See Board of Trustees v. Garrett, 531 U.S. 356, 367, 121 S. Ct. 955, 148 L. Ed. 2d 866 (2001) ("[T]he burden is upon the challenging party to negative any reasonably conceivable state of facts that could provide a rational basis for the classification."); Ramsgate Court Townhome Ass'n v. West Chester Borough, 313 F.3d 157, 160 (3d Cir. 2002). Even with class of one claims, like all Equal Protection claims, the burden falls on a plaintiff to negate all other rational explanations for the state actor's action.

Plaintiff has failed to negate all conceivable reasons why Defendant restricted his e-mail access for the purpose of

15

institutional safety.  One conceivable reason was that Defendant was concerned Plaintiff would invade fellow inmates' privacy and create animosity and unrest in the prison population.  The Plaintiff has put forth no evidence to negate this.

In addition, Plaintiff has not established that similarly situated inmates were treated differently.  In fact, Plaintiff compares his situation to that of only one other inmate, Jeffrey Payne.  Plaintiff alleges that Mr. Payne was incarcerated for distribution of child pornography and used computers to facilitate these acts.  However, the case of Mr. Payne is distinguishable because he, even if convicted as alleged by Plaintiff, has not been punished by the BOP for acting in violation of the computer policy.

Finally, in Plaintiff's opposition to Defendant's motion for summary judgment, he cites numerous cases where limitations on plaintiffs' internet access were held unconstitutional. However, all of those plaintiffs were on supervised release and therefore are not similarly situated to Plaintiff, who is in BOP custody.  Therefore, because Plaintiff has not met the no conceivable basis requirement and has failed to distinguish himself from similarly situated inmates, there is no equal protection violation.

### D. Administrative Procedure Act Claims

Plaintiff seeks judicial review of Defendant's decision to rescind Plaintiff's access to TRULINCS electronic messaging, arguing that the decision is an abuse of discretion and a "clear error of judgment." (Am. Compl. at ¶ 43.) Additionally, Plaintiff states that the decision was not based on "a consideration of relevant factors." (Am. Compl. at ¶ 42 citing Bowman Trans., Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 285 (1974)(internal citations omitted).) On a separate note, Plaintiff claims that since BOP Policy Statement 5265.13 is the only PS that deals with email access, a notice and comment period should be provided. Ultimately, Plaintiff argues that Defendant's decisions should be overruled pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA").

Defendant asserts that her decision "was not arbitrary, capricious or unreasonable." (Mot. Summ. J. at 19.) In addition, Defendant states that Congress has not directly spoken to this issue and therefore this court should defer to the BOP's, interpretation and the Defendant's judgment, since they have more expertise. Id. at 21. Finally, Defendant contends that her decision "was in conformity with guidance provided by the Program Statement." Id. at 22.

"Abuse of discretion" is the standard of review under the APA, which requires a reviewing court to "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). A reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious. See C.K. v. N.J. Dep't of Health & Human Services, 92 F.3d 171, 182 (3d Cir. 1996); see also Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 414, (1971) ("agency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' …."), overruled on other grounds, Califano v. Sanders, 430 U.S. 99, 97 (1977) (quoting 5 U.S.C. § 706(2)(A)). "[T]he agency must examine the relevant data and articulate a satisfactory explanation for its action including a rational connection between the facts found and the choice made." Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mutual Auto. Ins., 463 U.S. 29, 43 (1983) (citation and internal quotation marks omitted); accord Bowman Transp., Inc. v. Arkansas-Best Freight System, 419 U.S. 281, 285 (1974).

To make this finding that agency action was not arbitrary or capricious, or an abuse of discretion, a court must review the administrative record that was before the agency, and "must consider whether the decision was based on a consideration of

18

the relevant factors and whether there has been a clear error of judgment. . . . The Court is not empowered to substitute its judgment for that of the agency." Overton Park, 401 U.S. at 416. Reversal of agency action is warranted "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]." C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed. 2d 643 (1985)).

The Court must first determine "whether Congress has directly spoken to the precise question at issue." Chevron v. Natural Res. Def. Council, 467 U.S. 837, 842 (1984).  If Congress has expressed a clear intent, that matter is concluded. Id.  However, if Congress has not directly spoken to the issue, a reviewing court must defer to a "permissible construction of the statute" by the agency, rather than substituting its own judgment.  Id. at 483.

Here, BOP authority to implement communications systems arises from 18 U.S.C. § 4042, which states the BOP is to provide for the "safekeeping, care, and subsistence" of all federal inmates.  18 U.S.C. § 4042(a)(2).  The Program Statement that directs TRULINCS was created by the BOP pursuant to their authority under § 4042.  Further, this Program Statement

includes interpretations of what the BOP deems as conduct that jeopardizes communication privileges.  Since the statute delegating the BOP their authority makes no mention of prison communication systems, Congress has not directly spoken to the issue.  Next, the Court must determine whether the BOP's decision was arbitrary or capricious.

Defendant's decision to rescind Plaintiff's access to TRULINCS electronic messaging was not arbitrary, capricious, or unreasonable.  Two reasons are cited by Defendant for banning Plaintiff from TRULINCS electronic messaging: (1) Plaintiff's expertise with computers and (2) Plaintiff's prior disciplinary action concerning misuse of a BOP computer.  (Moran Declaration at 6-7.)  Since Defendant based her decision on criterion contained within the Program Statement, her decision was not an abuse of discretion.  Moreover, because the restriction placed on Plaintiff was in the interest of prisoner safety, it is accordance with the goals of § 4042.  In this instance, the Court will defer to the BOP's interpretation.  Therefore, Plaintiff's claim under the APA is dismissed.

**IV. CONCLUSION**

For the reasons set forth above, Defendant's motion for summary judgment will be granted.

**  s/ Jerome B. Simandle**
Jerome B. Simandle
Chief U.S. District Judge
